# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**STEVEN C. MANNION**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 645-3827

January 15, 2020

## LETTER OPINION-ORDER

Re:  D.E. 27, Informal Motion to Appoint *Pro Bono* Counsel
Corey Pearson, Jr. v. Dr. Flora Defilippo, et al.
Civil Action No. 18-cv-16198 (SDW)(SCM)

Dear Litigants:

This matter comes before the Court upon review of Plaintiff Mr. Corey Pearson's ("Mr. Pearson") informal Motion to Appoint *Pro Bono* Counsel.[1] The Court has reviewed Mr. Pearson's Motion and for the reasons set forth herein it is **denied**.

District courts are granted broad discretion to appoint attorneys to represent indigent civil litigants,[2] but civil litigants possess neither a constitutional nor a statutory right to appointed counsel.[3] Moreover, though Congress has empowered district courts to "request" counsel for civil litigants, courts cannot "require" an unwilling attorney to serve as counsel.[4]

This Court must therefore "take note of the significant practical restraints on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited

---

[1] (ECF Docket Entry No. ("D.E.") 27, Pl.'s Letter).

[2] 28 U.S.C. § 1915 (d), (e)(1),

[3] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-67 (3d Cir. 1997)).

[4] *Id.* (citing 28 U.S.C. § 1915 (e)(1)); *see also Christy v. Robinson*, 216 F. Supp. 2d 398, 406 n. 16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 301-02 (1989)).

supply of competent lawyers who are willing to undertake such representation without compensation."[5]

When evaluating a request for the appointment of *pro bono* counsel, a district court should first determine whether the plaintiff's claim "has arguable merit in fact and law."[6] The Third Circuit has articulated an analytical framework that district courts must use in exercising their discretion.[7] The analysis begins with a threshold assessment of the merits of the case.[8]

If the court first finds "some arguable merit in fact and law," then it must go on to weigh a series of considerations known as the *Tabron* post-threshold factors.[9] These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf.[10]

For the purpose of evaluating these threshold factors, the Court assumes "solely for the purpose of this Application" that Mr. Pearson's case has "some arguable merit in fact and law."[11] The Court, however, need not undertake a detailed analysis of this point because application of the *Tabron* post-threshold factors overall weighs against appointment of *pro bono* counsel at this time.

1. Mr. Pearson's Ability to Present His Case

The first factor has been identified as "perhaps the most significant."[12] For this factor the Court considers Mr. Pearson's "education, literacy, prior work experience, and prior litigation experience...."[13] As additional guidance, the Third Circuit has noted that courts should consider

---

[5] *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

[6] *Id.* at 155.

[7] *See Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002); *Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

[8] *Montgomery*, 294 F.3d at 498-99 (citing *Tabron*, 6 F.3d at 155; *Parham*, 126 F.3d at 457).

[9] *Id.* at 499.

[10] *Tabron*, 6 F.3d at 156; *see also Parham*, 126 F.3d at 461.

[11] *Montgomery*, 294 F.3d at 499.

[12] *Id.* at 501.

[13] *Id.* (citations omitted) (citing *Tabron*, 6 F.3d at 156).

2

Mr. Pearson's ability to present his case "[i]n conjunction with . . . the difficulty of the particular legal issues."[14]

Mr. Pearson does not address this factor in his Motion, so the Court is unfamiliar with his educational history and prior work or litigation experience. However, his numerous filings with the Court thus far reflect literacy and a general understanding of the litigation process. Additionally, In his many letters to the court Mr. Pearson cites various statutes and case law, and without the aid of counsel, Mr. Pearson has successfully filed his application to proceed *in forma pauperis* as well as motions requesting *pro bono* counsel. Therefore, the first *Tabron* factor weighs against appointment.

   2. The Legal Complexity of the Case

The second *Tabron* factor concerns the complexity of the particular legal issues. Again, Mr. Pearson's short argument in support of his Motion does not address this second *Tabron* factor. However, in looking to Mr. Pearson's Complaint, the Court finds that Mr. Pearson's factual claims are easy to understand and the legal issues involved are relatively straightforward. Thus, the second *Tabron* factor also weighs against appointment.

   3. The Degree to Which Factual Investigation Will be Necessary

The third *Tabron* factor is the degree to which factual investigation will be necessary and Mr. Pearson's ability to pursue an investigation. Generally, district courts give weight to an incarcerated individual whose confinement limits his ability to conduct discovery and investigate facts.[15] Here, however, Mr. Pearson's confinement will not substantially affect his ability to litigate this case.

Mr. Pearson has been intimately involved with the events surrounding and leading up to the filing of the Complaint. Mr. Pearson outlines evidence he seeks to obtain and how he plans to use it. Nothing in the record indicates that Mr. Pearson's *pro se* or prisoner status will inhibit him from conducting discovery or reaching his witnesses. Therefore, the third *Tabron* factor weighs against appointment.

   4. The Extent to Which the Case is Likely to Turn on Credibility Determinations

The fourth *Tabron* factor is the extent to which the case is likely to turn on credibility determinations. Because "it is difficult to imagine a case that does not" rely, in some measure, on witness credibility, courts look to whether the case at hand will become "solely a swearing contest."[16] Mr. Pearson has not addressed this factor, but based on the initial pleadings, it does not

---

[14] *Tabron*, 6 F.3d at 156; *see also Montgomery*, 294 F.3d at 502.

[15] *Tabron*, 6 F.3d at 253.

[16] *Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997).

appear to be a swearing contest. Further, because the factors overall weigh against appointment, it is unnecessary to further evaluate the potential credibility issues.

5. Whether the Case will Require Testimony from Expert Witnesses

The fifth *Tabron* factor is whether the case will require testimony from expert witnesses. At this juncture of the case, it is unclear if expert testimony will be required. Nevertheless, it seems unlikely, given the nature of Mr. Pearson's allegations, that his claims would require expert testimony. Thus, the fifth *Tabron* factor currently weighs against appointment.

6. Mr. Pearson's Capacity to Retain Counsel on His Own Behalf

Finally, the sixth *Tabron* factor is Mr. Pearson's capacity to retain counsel on his own behalf. The Court acknowledges that Mr. Pearson's application to proceed *in forma pauperis* was granted, and that he is an indigent prisoner. However, these facts alone are not enough to justify an order of appointment. Indigency alone does not warrant the appointment of counsel absent satisfaction of other *Tabron* post-threshold factors.[17] Additionally, Mr. Pearson mentions in his letter to the court dated April 1, 2019 that he has a lawyer, a Ms. Jean Ross, who is " Very much willing" to take his case.[18] Therefore, the sixth *Tabron* factor weighs against appointment.

The Court is, as always, sympathetic to any disadvantages of the parties that come before it. Accordingly, the Court will closely monitor the considerations raised by Mr. Pearsons Motion for *Pro Bono* Counsel throughout case management and, as the case moves forward, it may exercise its discretion to appoint counsel *sua sponte* should any of the above discussed considerations change.[19]

As the *Tabron* factors weigh against appointment at this time, the Court will deny Mr.

---

[17] *See Christy*, 216 F. Supp. 2d at 410 (D.N.J. 2002) (denying application for *pro bono* counsel where indigency was the only one of the six factors weighing in favor of appointment of counsel); *see also Bragg v. Patterson*, 2015 WL 7296129, at *7 ("Plaintiff's indigency, however, is not sufficient to warrant counsel in and of itself. Many *pro se* plaintiffs are indigent, yet are denied pro bono counsel. The Court considers this factor to be neutral. The remainder of the factors, however, weigh against the appointment of counsel at this time.").

[18] [D.E.] 38

[19] *See Tabron*, 6 F.3d at 156; *Christy*, 216 F. Supp. 2d at 406.

Pearson's motion.

The Clerk of the Court shall mail a copy of this letter to Plaintiff Pearson.

**IT SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/15/2020 9:21:21 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties

Corey Pearson
NORTHERN STATE PRISON
P.O. BOX 2300
NEWARK, NJ 07114
PRO SE

5